**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 17-1096

————————

SALIOU BAH,
                              Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,
                              Respondent

————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-689-974)
Immigration Judge: Charles Honeyman

————————

Submitted under Third Circuit LAR 34.1(a)
on October 3, 2017

Before: SHWARTZ and ROTH, Circuit Judges and PAPPERT[*], District Judge

(Opinion filed: June 12, 2018)

————————

OPINION[**]

————————

_____

[*] The Honorable Gerald J. Pappert, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, <u>Circuit Judge</u>

Petitioner Saliou Bah, a native and citizen of Guinea, seeks review of a BIA decision affirming the Immigration Judge's (IJ) final order of removal and pretermission and denial of Bah's applications for adjustment of status and waiver of inadmissibility. For the reasons stated below, we will deny in part and dismiss in part the petition for review.

I.

Bah entered the United States on November 22, 1997 on a temporary business visa and has remained in the country ever since. In 1999, Bah's friend introduced him to an unnamed individual who told Bah that he could help him obtain a work permit by falsely claiming that Bah had been a slave in Mauritania. Instead, the individual prepared an asylum application for Bah, which included a fabricated story about Bah being a Mauritanian slave. The asylum application also falsely stated that Bah had entered the United States on December 20, 1999, more than two years after his actual date of entry. Bah signed and filed the fraudulent application, although he maintains that he always believed he was applying for a work permit and did not understand that he was in fact applying for asylum.

On August 30, 2000, Bah appeared before an Asylum Officer (AO) to be interviewed under oath. The unnamed individual accompanied Bah to the interview and served as Bah's translator. The AO ultimately concluded that Bah had not provided clear and convincing evidence of the date of his entry into the United States and therefore

2

denied his application as untimely.[1]  The AO did not rule on the merits of Bah's

application.  The former Immigration and Naturalization Service then charged Bah with

removability and issued a notice to appear.  Bah failed to appear at the hearing, and, in

absentia, the IJ ordered him removed.

In August of 2003, Bah married a U.S. citizen, Retonya Bah, who subsequently

gave birth to their U.S. citizen son.  Based on his marriage to a U.S. citizen, Bah later

filed for adjustment of status, pursuant to 8 U.S.C. § 1255.  After becoming aware of the

outstanding removal order, Bah also requested waivers of inadmissibility, pursuant to 8

U.S.C. § 1182(h), (i).  Bah otherwise conceded removability.

On March 10, 2014, the IJ conducted a merits hearing.  In a written opinion, the IJ

found that Bah had deliberately fabricated his date of entry in his asylum application, that

the fabricated date of entry was a material element of the application, and that Bah had

therefore knowingly filed a frivolous asylum application.  The IJ thus concluded that Bah

was permanently ineligible for any benefits under the INA, pursuant to 8 U.S.C. §

1158(d)(6).[2]  The IJ also concluded that, but for the frivolous filing bar, Bah's application

would have merited adjustment of status and waiver of inadmissibility.

---

[1] *See* 8 U.S.C. § 1158(a)(2)(B) (requiring that an alien seeking asylum "demonstrate[] by clear and convincing evidence that the [asylum] application has been filed within 1 year after the date of the alien's arrival in the United States").

[2] "If the Attorney General determines that an alien has knowingly made a frivolous application for asylum . . . the alien shall be permanently ineligible for benefits under this chapter . . .."  § 1158(d)(6).

3

The BIA affirmed the IJ's finding that Bah had filed a frivolous asylum application and was thus barred from subsequent relief under § 1158(d)(6). The BIA therefore dismissed Bah's appeal. Bah petitioned this Court for review.[3]

## II.

On appeal to this Court, Bah raises two arguments. First, Bah argues that the BIA erred by distinguishing the present case from this Court's decision in *Luciana v. Attorney General*, in which we held that a false statement going to the merits of an asylum application cannot serve as the basis for finding the application to be frivolous when the application is already time-barred.[4] Second, Bah argues that the BIA failed to correctly apply its own standard for a frivolous finding, as set forth in *Matter of Y-L-*.[5] We address each argument in turn.[6]

## A.

Bah asserts that our decision in *Luciana* controls in this case and that, pursuant to that decision, his untimely asylum application may not be subject to the frivolous filing penalty of § 1158(d)(6). The Attorney General contends that the BIA properly distinguished *Luciana*, because in this case the IJ had applied the frivolous filing penalty solely on the basis of Bah's fabricated date of entry—a false statement bearing directly

---

[3] We have jurisdiction over petitions for review of final agency decisions under 8 U.S.C. § 1252.

[4] 502 F.3d 273, 280 (3d Cir. 2007).

[5] 24 I. & N. Dec. 151 (B.I.A. 2007).

[6] "We review the BIA's legal conclusions de novo subject to the principles of deference set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc. . . ..*" *Mahn v. Att'y Gen.*, 767 F.3d 170, 173 (3d Cir. 2014) (internal citation omitted).

on the timeliness of his application. We conclude that the BIA did not err in distinguishing *Luciana*.

*Luciana* involved a petitioner who openly and indisputably filed her application more than one year after her date of entry.[7] Thus, the IJ in that case necessarily addressed timeliness as a threshold issue and sought to determine whether the petitioner's application fell under any of the narrow exceptions to the one-year filing requirement. The IJ concluded that none of the exceptions applied and that the petitioner's application was therefore time-barred under § 1158(a)(2)(B).[8] After reaching this conclusion, however, the IJ went on to consider the merits of the petitioner's application. Finding that the application included a fabricated statement that the petitioner had been stabbed because of her religious beliefs, the IJ deemed the application to be frivolous and held that the petitioner was subject to the lifetime bar to INA relief under § 1158(d)(6).[9] The BIA affirmed.

On appeal, we found the frivolous filing penalty of § 1158(d)(6) to be inapplicable. Our analysis focused on the definition of the term "frivolous" as used in § 1158(d)(6). The implementing regulations define a frivolous asylum application as one in which "any of [the] material elements is deliberately fabricated."[10] Although the word "material" is not further defined in the regulations, the Supreme Court addressed its

---

[7] *Luciana*, 502 F.3d at 274 (noting that Luciana testified that she had entered the U.S. in December 2000 and Luciana's asylum application was filed November 2, 2002).
[8] *Id*. at 276.
[9] *Id*.
[10] 8 C.F.R. § 208.20.

meaning in *Kungys v. United States*,[11] a case involving revocation of citizenship under the INA. The Court held that "a concealment or misrepresentation is material if it has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed."[12] Applying this standard in *Luciana*, we concluded that the petitioner's false statement about being stabbed in her home country could not be considered material to the adjudication of an application that was untimely on its face and not subject to any of the exceptions to the one-year filing requirement.[13] As we explained, "[o]nce it became clear that no exception applied, [Petitioner's] application had to be rejected as time-barred. Evidence going to the merits of the application . . . was totally incapable of influencing the decision-makers, and therefore it was not material."[14] Because the asylum application did not include a material fabrication, the application could not be considered frivolous under § 1158(d)(6).

Bah is incorrect in stating in his brief that our holding in *Luciana* "prohibits . . . a frivolous finding for untimely / time[-]barred applications under [§ 1158(d)(6)]." Quite the contrary, our reasoning in *Luciana* compels a different result in this case. Bah's asylum application was found to be frivolous solely on the ground that it included a fabricated date of entry. The asylum application was adjudged to be untimely filed. In the course of making that ruling, the AO took note of the date of entry provided by Bah

---

[11] 485 U.S. 759 (1988).
[12] *Id*. at 770 (internal quotation marks omitted).
[13] *Luciana*, 502 F.3d at 280.
[14] *Id*.

and considered whether Bah had provided sufficient evidence supporting his purported entry. The fabricated date of entry was thus a misrepresentation that had "a natural tendency to influence, or was capable of influencing, the decision of"[15] the AO. It was therefore a material element of Bah's asylum application that was deliberately fabricated, rendering the application frivolous for purposes of § 1158(d)(6).[16] Our decision in *Luciana* does not require a different outcome. We will thus deny the petition for review as to this argument.

B.

Bah also argues that the BIA failed to correctly apply its own standard under *Matter of Y-L-*,[17] which established a four-factor test for finding an asylum application to be frivolous under § 1158(d)(6).[18] The IJ addressed each of these factors in his written decision.[19] On appeal to the BIA, Bah argued only that the IJ erred in distinguishing *Luciana*; he did not raise any other arguments regarding the IJ's application of *Matter of Y-L-*.[20] Thus, in its written opinion, the BIA focused on whether the IJ had properly distinguished *Luciana*; the BIA did not address the IJ's application of the *Mattter of Y-L-* factors, other than providing a brief summary of the IJ's opinion.[21]

By declining to raise his arguments regarding the *Matter of Y-L-* factors before the BIA, Bah failed to exhaust his administrative remedies with regard to these arguments.

---

[15] *Kungys*, 485 at 770.
[16] *See* 8 C.F.R. § 208.20.
[17] 24 I. & N. Dec. 151 (B.I.A. 2007).
[18] *Id.* at 155-61.
[19] *See* A.R. 65-66.
[20] *See* A.R. 17-28 (Bah's Appeal Brief to BIA).
[21] A.R. 6-11.

As a result, we may not consider them. A petitioner must "raise[] all issues before the BIA" in order to "exhaust[] all administrative remedies . . . and thereby preserve[] the right of judicial review."[22] Although, in removal cases, we do not apply the exhaustion principle "in a draconian fashion,"[23] a petitioner must "make[] some effort . . . to place the [BIA] on notice of a straightforward issue being raised on appeal."[24] Bah's brief to the BIA includes no mention of the arguments based on *Matter of Y-L-* that he now raises before this Court.[25] As a result, we lack jurisdiction to consider those arguments.[26] We must therefore dismiss the petition for review as to this argument.

## III.

For the aforementioned reasons, we will deny in part and dismiss in part the petition for review.

---

[22] *Lin v. Att'y Gen.*, 543 F.3d 114, 120-21 (3d Cir. 2008) (internal quotation marks omitted).

[23] Id. at 121.

[24] *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir. 2006).

[25] In fact, in the portion of its opinion summarizing the IJ's decision, the BIA expressly noted that Bah did not contest the IJ's application of several *Matter of Y-L-* factors. *See* A.R. 6-7 ("The respondent does not contest that he received the requisite notice of the consequences of filing a frivolous application . . .. The respondent does not challenge the Immigration Judge's finding that he knowingly made . . . misrepresentations in his asylum application.").

[26] *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 (3d Cir. 2003) (concluding this Court lacks jurisdiction to consider an argument the petitioner failed to raise in any of his written submissions to the BIA).